Osaki Shoten, Ltd., et al. *v.* United States

**No. 5703.**—Invoices dated Osaka, Japan, March 13, 1939, and April 24, 1939.
Certified March 15, 1939, and April 26, 1939.
Entered at Honolulu, T. H., March 27, 1939, and Hilo, T. H., May 17, 1939.
Entry Nos. 3090 and A–267

(Decided August 24, 1942)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Oliver, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That, at the time of exportation of the merchandise involved herein, which is marked on the invoices with the letter A and checked by examiners *Arno Hellthaler AH and H. N. Kimura HNK*, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, packed ready for shipment to the United States, at the invoice unit price, plus packing as invoiced; also, that at the time of exportation there was no higher foreign value for this merchandise.

(2) That, at the time of exportation of the above-described merchandise, no like or similar article, manufactured or produced in the United States, was being freely offered for sale for domestic consumption to all purchasers in the principal market of the United States, in the ordinary course of trade, and hence, the appraisement herein, insofar as it was made under authority of the Presidential proclamation published in TD 46158, was inapplicable to said merchandise.

(3) That the appeals are abandoned as to all other merchandise not hereinabove referred to.

(4) That upon this stipulation the cases may be deemed submitted.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoices by the items marked A and checked by examiners Arno Hellthaler AH and H. N. Kimura HNK, such values are the invoiced unit prices, plus packing as invoiced.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.